# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:11-CR-112 |
| | ) | |
| JEFFREY P. TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION AND ORDER</u>

This matter is before the Court on the Motion to Dismiss Indictment, filed by Defendant, Jeffrey P. Taylor, on September 29, 2011. For the reasons set forth below, this motion is **DENIED**.


<u>BACKGROUND</u>

In August 2006, "[a] police officer entered an online chat room, where she 'met' the defendant and identified herself as a 13-year-old girl." *United States v. Taylor*, 640 F.3d 255, 257 (7th Cir. 2011). "After making a number of sexual comments to her that she pretended to welcome, the defendant masturbated in front of his webcam." *Id.* In addition, Defendant invited the girl to masturbate. *Id.* During these conversations, Defendant was located in his home at Logansport, Indiana, while the officer was located in Tippecanoe County, Indiana.

Defendant was initially charged in Case No. 2:06-CR-169, with

-1-

using the internet to attempt to persuade a female minor to engage in sexual activity, in violation of Title 18 U.S.C. section 2422(b). Defendant was convicted by a jury of this charge and was sentenced to a ten year term of imprisonment. On appeal, the Seventh Circuit Court of Appeals found that the kind of behavior engaged in by Defendant was not a crime under section 2422(b). *Id.* at 260. Thus, the court of appeals reversed Defendant's conviction with instructions to enter a judgment of acquittal.

After remand, Defendant has been charged in this case with two counts of using the internet in an attempt to transfer obscene material to a minor, in violation of Title 18 U.S.C. section 1470, stemming from his August 2006 activity in the online chat room.

Defendant has filed the instant motion to dismiss arguing that Title 18 U.S.C. section 1470, as applied in this case, is an unconstitutional reach of Congress' power to regulate commerce. In addition, Defendant asserts that the instant prosecution is barred by the double jeopardy protections contained in the Fifth Amendment to the United States Constitution.


DISCUSSION

Title 18, section 1470, as applied in this case, is a valid
exercise of Congress' powers to regulate interstate commerce.

Defendant argues that Title 18, section 1470, as applied in this case, is unconstitutional, in violation of the Commerce Clause. Defendant claims that his alleged activity took place

-2-

intrastate and had no substantial affect on interstate commerce. Therefore, Defendant argues, this activity cannot be regulated by Congress.

The framework for analyzing Commerce Clause challenges was set out in the Supreme Court's often cited opinion of *United States v. Lopez*, 514 U.S. 549 (1995). In *Lopez*, the Court held that the Commerce Clause allows Congress to regulate: (1) the channels of interstate commerce; (2) the instrumentalities or interstate commerce, or persons or things in interstate commerce; and (3) activities that substantially affect interstate commerce. *Id.* at 558-559.

Defendant conflates these three separate categories and dismisses the possibility that the internet can be a channel or instrumentality of interstate commerce because the internet usage at issue was intrastate and did not substantially affect interstate commerce. In arriving at this conclusion, Defendant relies largely on the opinions of *Lopez* and *United States v. Angle*, 234 F.3d 326 (7th Cir. 2000). Notably, though, those cases involved challenges to statutes enacted pursuant to the third category; Congress' authority to regulate activities that substantially affect interstate commerce. Moreover, neither *Lopez* nor *Angle* dealt with the use of the internet as a channel or instrumentality of

interstate commerce.[1]

Section 1470 provides that "[w]hoever, using . . . any facility or means of interstate . . . commerce" transfers obscene material to an individual under 16 years of age has committed an offense. Here, the internet is being used as a facility of interstate commerce. Because the internet is a worldwide communications system, it has widely been accepted as both a channel of interstate commerce and an instrumentality of interstate commerce. *United States v. Johnson*, 652 F.3d 918, 921 (8th Cir. 2011); *United States v. Tello*, 600 F.3d 1161, 1165 (9th Cir. 2010); *Utah Lighthouse Ministry v. Foundation for Apologetic Information*, 527 F.3d 1045, 1054 (10th Cir. 2008); *United States v. Sullivan,* 451 F.3d 884, 886-87 (D.C. Cir. 2006); *United States v. Tykarsky*, 446 F.3d 458, 470 (3d Cir. 2006); *United States v. Hornaday*, 392 F.3d 1306, 1310-11 (11th Cir. 2004). This is true even if none of the communications were transferred over state lines. *United States v. Faris*, 583 F.3d 756, 759 (11th Cir. 2009), *overruled on other grounds*, *United States v. Jerchower*, 631 F.3d 1181 (11th Cir. 2011); *Hornaday*, 392 F.3d at 1311; *MacEwan*, 445 F.3d at 245. As such, this Court finds section 1470 to be a valid exercise of

_____

[1]In dicta, the Seventh Circuit did discuss whether components of child pornography could be considered as "things" in interstate commere under category two of the *Lopez* framework. *Angle*, 234 F.3d at 337, n.12. However, that discussion provides little insight into the issue presented here. The court's brief consideration about whether the jurisdictional hook in Title 18 U.S.C. section 2252(a)(4) could include regulating things in commerce is not analogous to our issue of whether the internet can be considered an instrumentality of interstate commerce.

Congress' authority in this case.

Because Congress has the power to regulate the transmission of obscene material via the internet under section 1470 upon its power to regulate the channels and instrumentalities of interstate commerce, there is no need to analyze whether Defendant's transmission that may have traveled wholly intrastate had a substantial impact upon interstate commerce. *United States v. MacEwan*, 445 F.3d 237, 245 (3d Cir. 2006)(holding that there is no need to "proceed to an analysis of Lopez's third category when Congress clearly had power to regulate such an activity under the first two.").


Prosecution under section 1470 does not violate Fifth Amendment.

Defendant argues that a trial in this case should be barred by the Fifth Amendment's ban on double jeopardy because the charges in this case are based on the same conduct used to initially convict him of enticing a minor, in violation of Title 18 U.S.C. section 2422(b).

The Fifth Amendment's Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. Amend. V. The Supreme Court uses the *Blockburger* test, or the "same elements" test to determine if a subsequent prosecution violates the Double Jeopardy Clause. *Blockburger v. United States*, 52 S.Ct. 180 (1932). Under

the *Blockburger* test, a person may not be convicted and punished for two separate offenses arising out of the same act unless "each [offense] requires proof of a fact which the other does not." *Id.*

It is undisputed that the elements of transmitting obscene material under Title 18 U.S.C. section 1470 differ from the elements of the previous charge of attempting to entice a minor to engage in prohibited sexual activity pursuant to Title 18 section 2422(b). (Def. Mot. p. 7). Thus it is not surprising that Defendant concedes the instant prosecution does not violate the Fifth Amendment's protection under the *Blockburger* test. As such, this Court finds that the instant prosecution does not run afoul of Defendant's Fifth Amendment rights.[2]

CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss the indictment is **DENIED**.

DATED: October 21, 2011          /s/RUDY LOZANO, Judge
                                 **United States District Court**

_____

[2] Nevertheless, while Defendant concedes that the instant prosecution is constitutional under current Supreme Court precedent, "Defendant maintains that this precedent does not protect his rights under the Fifth Amendment's ban on double jeopardy, in order to allow further review of this matter by other courts." (Def. Reply, p. 4).