# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | |
|     Plaintiff, ) | | |
| ) | | |
|         vs ) | | 2:11 CR 112 |
| ) | | |
| JEFFREY P. TAYLOR,, ) | | |
|     Defendant ) | | |

## OPINION AND ORDER

This matter is before the Court on the Motion for Modification of Conditions of Probation, filed by Defendant, Jeffrey P. Taylor, through counsel, on September 25, 2014 (DE #79). For the reasons set forth below, the motion (DE #79) is **GRANTED IN PART** and **DENIED IN PART. THE TERMS OF CONDITION OF PROBATION SHALL BE MODIFIED AS SET FORTH IN THIS ORDER.**

BACKGROUND

Taylor was convicted in cause number 2:06-CR-169, of attempting to violate 18 U.S.C. § 2242(b), enticing a minor to engage in sexual activity. Taylor appealed, and the Seventh Circuit held that masturbation was not a "sexual activity" under § 2422(b), and reversed Taylor's conviction. *United States v. Taylor*, 640 F.3d 255 (7th Cir. 2011).

Taylor was retried and convicted of two counts of violating 18 U.S.C. § 1470, attempting to transfer obscene material to an

individual under the age of 16. The indictment alleges that Taylor sent live webcams of himself while masturbating to an individual he believed to be under the age of 16, who was actually an undercover agent. This case does not involve any attempted physical contact with the agent; however, testimony at trial showed Taylor used sexual innuendo and sexual language during multiple chats, directed the individual he believed was a minor (but was an undercover agent) to masturbate for him, and displayed himself and masturbated for the agent. Although it did not come into evidence at trial, files were found on Defendant's computer regarding his Internet history showing he had visited various sites involving either photographs or stories in which minor children engaged in sexual conduct with adults.

Taylor is currently serving a 3 year term of probation, imposed on August 8, 2012, following his conviction, and while awaiting the Seventh Circuit's judgment on his direct appeal. He filed the instant motion pursuant to 18 U.S.C. §3563(c), and this Court has jurisdiction to modify his probation conditions. 18 U.S.C. § 3563(c); Fed. R. Crim. P. 32.1(c).


DISCUSSION

1. **Condition Regarding Pornography**

    Condition: "The defendant shall not view or listen to any form of pornography, sexually stimulating material, or sexually oriented material or patronize locations where such material is available."

2

Taylor argues this condition is unconstitutional in its entirety under *United States v. Adkins*, 743 F.3d 176, 193-94 (7th Cir. 2014), because the activity charged does not relate to viewing pornography, and therefore, the condition should be removed. (DE #79, p. 3.)

In response, the Government agrees that pursuant to *Adkins*, the condition is in part unconstitutional. (DE #81, p. 5.) The Seventh Circuit stated in *Adkins* that:

> We recognize the difficulty of drafting special conditions in this context. We therefore emphasize that various options remain open, including (1) defining the crucial terms in the existing special condition in a way that (a) provides clear notice to Adkins (preferably through objective rather than subjective terms), (b) includes a mens rea requirement (such as *intentional* conduct), and/or (c) is not broader than reasonably necessary to achieve the goals of 18 U.S.C. § 3553(a)(2)(b), (a)(2)(c), and (a)(2)(D), see § 3583(d); and (2) narrowing the scope of proscribed conduct, such as by (a) focusing on child pornography, which federal statutes objectively define, *see, e.g.*, 18 U.S.C. § 2256(8), and/or (b) focusing on particular establishments such as strip clubs, adult bookstores, and adult theaters.

*Adkins*, 743 F.3d at 196 (emphasis in original). The Government argues that Taylor's request that the condition should be removed because Taylor's offense did not relate to viewing pornography misses the mark, because he created pornography by sending videos of himself masturbating and requested the person he believed was a 13 year old to create pornography by asking her to masturbate on a web cam. Consequently, the Government proposes the following

modification:

> "The defendant shall not knowingly view or listen to any form of pornography which contains adults engaging in sexual intercourse, oral sex, sex with objects or animals, acts of masturbation, or the lascivious exhibition of genitalia. Additionally, the defendant shall not knowingly patronize or visit any such establishment or internet site/location where the above materials are sold, or available for viewing."

(DE #81, p. 5.) It his reply, Taylor objects, arguing the listed items include legal adult pornography that "enjoy First Amendment protection," *Adkins*, 743 F.3d at 193, yet the Government fails to identify how any sentencing factor is furthered by use of this ban on protected material.

The Court acknowledges that the language of the original condition may be overly broad in light of *Adkins*. Additionally, the Court notes that there have been no allegations that Taylor has violated any bond or probation conditions. However, this Court does not believe it is proper to completely remove this condition regarding viewing adult pornography. Taylor argues that the "activity charged in the case does not relate to viewing pornography and there is no indication that a ban on pornography is necessary to address any specified risk." (DE #79, p. 3.) Yet, Taylor created pornography by sending videos of himself masturbating to a person he believed was a 13 year old girl, and requested she engage in the same activity.

As the Seventh Circuit has recognized in *United States v.*

4

*Siegel*, 753 F.3d 705, 709 (7th Cir. 2014), there is scientific literature on both sides of the fence about whether denying access to legal pornography would make a sex offender more or less likely to commit other crimes. This Court believes the Government's proposition is reasonably related to the background of the offense and the offender, and that it involves no greater deprivation of liberty than reasonably necessary. (*Id.*, p. 707.) During sentencing, this Court found that "the defendant distributed over the Internet nude images of himself masturbating to an individual he believed was 13 years old. In addition, the defendant engaged in sexual conversations with this individual, inviting the individual to view his masturbation videos and attempting to have the intended minor masturbate for him." (Sentencing Tr., 9/25/12, DE #73, p. 24.) This is a serious crime, attempting to transfer obscene material to a minor, and the Court stands by its role in protecting society, and that it "would rather err on the side of protecting society" when it comes to the conditions set for probation. (*Id.*, p. 36.)

In light of *Adkins*, and in an attempt to make the language as specific as possible, and to relate it to Taylor and his offense, denying him no further liberty than is necessary, the Court adopts the Government's proposition and **ORDERS the following modification:**

> **"The defendant shall not knowingly view or listen to any form of pornography which contains adults engaging in sexual intercourse, oral sex, sex with objects or animals, acts of masturbation, or the**

5

> **lascivious exhibition of genitalia. Additionally, the defendant shall not knowingly patronize or visit any such establishment or internet site/location where the above materials are sold, or available for viewing."**

**2. Condition on internet services**

Condition: The defendant may only have personal access to computer internet services that are approved by the probation officer. The probation officer shall have access to the defendant's personal computer to verify the same.

Defendant's Proposed modification: The defendant may not use the internet to access social chatrooms in which users conduct conversations with other third-party chatroom users. This does not include informational chats used by websites to provide customer service or answers to frequently asked questions. If the probation officer has reasonable suspicion to believe that the defendant has accessed a social chatroom, the probation officer may have access to the defendant's personal computer to verify compliance with this condition.

Government's Proposed modification: The defendant may not use the internet to access social chatrooms in which users conduct conversations with other third-party chatroom users. This does not include informational chats used by websites to provide customer service or answers to frequently asked questions. Prior to accessing an internet capable device, the defendant shall provide notice to the probation department of the type and location of such device. To verify compliance with this condition, upon request, the defendant shall make available for inspection by the probation department, any such internet capable device.

Taylor's proposal and the Government's are similar, except the Government proposes probation should have access to the device to verify compliance, and Taylor proposes that the probation officer may check the device only if he has reasonable suspicion to believe Taylor was in a chatroom. Taylor argues a broad requirement that the probation officer have access to his computer without reasonable suspicion overly burdens his Fourth Amendment right to

6

be free from unwarranted searches. *See, e.g., United States v. Goodwin*, 717 F.3d 511, 523 (7th Cir. 2013). In *Goodwin*, the defendant pleaded no contest to a charge of an attempted lewd and lascivious act in the presence of a child. (*Id.* at 513.) There, the Court found that requiring him to install internet monitoring software on his computers was not "reasonably related to [his] offense, history, and personal characteristics," largely because "[t]he record does not indicate that a computer played any role" in his conviction or that he ever used a computer to commit any crime. (*Id.* at 523.) Additionally, "[g]iven the nature of [defendant's] convictions," the Court was "at a loss to see how this broad search and seizure authority" was connected to the defendant's offense, history, personal characteristics, or how it was related to furthering deterrence and protecting the public. *Id.*

This case is quite different. Taylor's conviction stems entirely from his conduct on a computer. Additionally, the Government offered 404(b) evidence (which was ultimately not allowed at trial), which, while the Court does not have all the information in front of it, at minimum, indicates a search of Taylor's computer shows he had visited various internet sites involving minors and sexual conduct. (DE #27.) Clearly having access to Taylor's computer and Internet devices is reasonably related to his offenses. *See, e.g., United States v. Johnson*, 542 F. App'x 516, 519-20 (7th Cir. 2013) (finding authorization to

7

search defendant's electronic devices was reasonably related to his offenses and violations and thus proper); *United States v. Monteiro*, 270 F.3d 465, 469-71 (7th Cir. 2001) (upholding search condition based on appellant's history of fraud). Moreover, the restriction in *Goodwin* was broader because it required the defendant to install Internet monitoring software on his computers. Here, to provide compliance with the provision, Taylor's device would just need to be made available for inspection by the probation department.

In this case, the Court believes the condition on Internet devices is related to Taylor's offenses and violations in this case and indeed, necessary, to maintain public safety. The Court has attempted to narrow the scope of the provision, and believes that probation's access to the devices is essential as it must have the ability to verify compliance. The Court adopts the Government's proposition and **ORDERS the following modification:**

> **"The defendant may not use the internet to access social chatrooms in which users conduct conversations with other third-party chatroom users. This does not include informational chats used by websites to provide customer service or answers to frequently asked questions. Prior to accessing an internet capable device, the defendant shall provide notice to the probation department of the type and location of such device. To verify compliance with this condition, upon request, the defendant shall make available for inspection by the probation department, any such internet capable device."**

**3. Condition on contact with minors**

> Condition: The defendant shall not frequent places where children under the age of 18 congregate, nor associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, without the permission of the probation officer. This provision does not encompass persons under the age of 18 with whom the defendant must deal in order to obtain ordinary and usual services.

Taylor argues this provision should be removed because the Government has not identified the risk to a particular minor. The Government concedes that the phrase "the defendant shall not frequent places where children under the age of 18 congregate" is vague, but contends some restriction is necessary considering Taylor's offense. The Government proposes the following modification to the condition:

> The defendant shall have no knowing direct contact with a person under the age of 18, no indirect contact with a person under the age of 18 through another person or through a device (including a telephone, computer, radio, or other means) and the defendant must reasonably avoid and remove himself from situations in which he would have any other form of contact with a minor. The defendant shall not be in any area in which persons under the age of 18 are likely to congregate, such as school grounds, child care centers, sport centers for youth sports, or playgrounds.

In support of removing the condition, Taylor cites *United States v. Baker*, 755 F.3d 515, 526 (7th Cir. 2014). However, in that case, the Court vacated the no-contact requirement with regard to the defendant's own children, noting there was no evidence of risk, and on remand, ordered the judge to "consider the scope of the condition and [defendant's] argument that an exception should be included 'for commercial business and in cases of incidental or

9

unintentional conduct' with minors in general." (*Id.* at 526-37.) Here, Taylor criticizes the language "places where children ... congregate" as overly vague, and the Government's proposed modification gives additional examples of areas that Taylor is required to avoid. To the extent Taylor argues that the general ban "unduly burdens his ability to maintain contact with his personal network" including family and friends (DE #79, pp.5-6), the Court believes it is necessary in light of Taylor's offenses which occurred with an individual he believed was a minor. Moreover, Taylor does not contend that there is any specific minor (like the defendant's children in *Baker*), who he is entitled to have contact with. In light of the inappropriate talk and images sent over the Internet to a person he believed was a minor, the Court does not feel comfortable completely removing this condition and believes it is reasonably related to the ends of rehabilitation and protection of the public. The Court adopts the Government's proposition and **ORDERS the following modification:**

> **"The defendant shall have no knowing direct contact with a person under the age of 18, no indirect contact with a person under the age of 18 through another person or through a device (including a telephone, computer, radio, or other means) and the defendant must reasonably avoid and remove himself from situations in which he would have any other form of contact with a minor. The defendant shall not be in any area in which persons under the age of 18 are likely to congregate, such as school grounds, child care centers, sport centers for youth sports, or playgrounds."**

4. **Condition on polygraph examinations**

   Condition: The defendant shall participate in sex offender testing and evaluation to include psychological, behavioral assessment and/or polygraph examinations as a means to ensure compliance with program requirements and restrictions.

Taylor argues his offenses did not involve fraud or deceit, and this broad infringement on his rights should be removed. In light of the modifications made in this order, there is even more need for Probation to be able to ensure compliance. Other courts have upheld similar polygraph provisions. *See, e.g., United States v. Sines*, 303 F.3d 793, 801 (7th Cir. 2002) (upholding supervised release condition that defendant attend intensive sex offender treatment program requiring polygraph testing); *United States v. Dotson,* 324 F.3d 256, 261 (4th Cir. 2003) (finding imposition, as condition of supervised release, of potential use of polygraph tests in conjunction with treatment was not abuse of discretion). Here, the Court believes the ability to assess Taylor with polygraph examinations is reasonably related to his circumstances and offenses, and is aimed at providing Taylor with treatment, fostering deterrence, and protecting the public. As such, the following condition shall **REMAIN: "The defendant shall participate in sex offender testing and evaluation to include psychological, behavioral assessment and/or polygraph examinations as a means to ensure compliance with program requirements and restrictions."**

5.  **Condition on ongoing treatment**

    Condition: The defendant shall enter and attend sex-offender-specific group and individual counseling at an approved outpatient treatment program, if warranted from the testing, evaluation and assessments and shall abide by all program requirements and restrictions.

    The Government has no objection to Taylor's proposed modification, thus, the following modification is **GRANTED**: "**The defendant shall participate in and comply with the program requirements of sex-offender-specific group and individual counseling at an approved outpatient program, upon recommendation of and for a duration deemed necessary by the treatment provider.**"

6.  **Condition on travel restriction**

    Condition: The defendant shall not leave the judicial district without the permission of the Court or probation officer.

    The Government has no objection to the proposed modification, and given that there have been no allegations of any violations while on bond or probation, the following modification is **GRANTED: "The defendant shall not leave the state of Indiana without the permission of the Court or probation officer."**

**DATED: December 22, 2014**          **/s/ RUDY LOZANO, Judge**
                                      **United States District Court**